IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HOLBERT PELL and DIANE PELL,
the wrongful death beneficiaries of Ryan Pell, and
THE ESTATE OF RYAN PELL                                                      PLAINTIFFS

V.                                                                           NO. 3:18CV212-M-P

JASON WARDEN and
TRANSPORT AMERICA                                                            DEFENDANTS

### OPINION and ORDER

This cause comes before the court on the motion of the plaintiffs to remand this case to the Circuit Court of Tippah County, Mississippi. Defendants have responded in opposition to the motion, and the Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

### Facts

This matter was originally filed by plaintiffs Holbert Pell and Diane Pell, the alleged wrongful death beneficiaries of the deceased Ryan Pell, and the estate of Ryan Pell against defendants Jason Warden and Transport America in the Circuit Court of Tippah County, Mississippi, on the 23rd day of August, 2018.

Ryan Pell (hereinafter "Pell"), was allegedly pushing his bicycle on the shoulder or in the roadway of United States Highway 72 near Walnut, Mississippi on September 4, 2015 when he was struck and killed by a tractor trailer operated by defendant Jason Warden and owned by defendant Transport America.

On September 27, 2018, defendants timely removed the case to this Court. Plaintiffs then filed a motion to remand on April 18, 2019 with an attached memorandum and affidavit by Pell's

1

sister Tiffany Layne (hereinafter "Layne"), stating that Pell was domiciled in Tennessee, as is Defendant Warden, thus arguing that complete diversity does not exist.

**Standard**

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants […]." 28 United States Code § 1441(a). "Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity ... because the federal court has original subject matter jurisdiction over such cases." *International Energy Ventures Management., Limited Liability Company. v. United Energy Group, Limited*, 818 F.3d 193, 199 (5th Cir. 2016) (citing 28 U.S.C. § 1441(a)). "On a motion to remand, '[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 722 (5th Cir. 2002)).

Ultimately, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). And "[a]ny ambiguities are construed against removal." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

When evaluating whether diversity jurisdiction exists, the court is to look at "the domicile of the parties, as opposed to their residence." *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *McLaughlin v. Mississippi Power Company*, 376 F.3d 344, 353 (5th Cir. 2004) (quoting *Harrison v. Prather*,

404 F.2d 267, 272 (5th Cir. 1968)). To defeat the presumption of continuing domicile, the following elements must be present: (1) residence in a new state, and (2) intent to remain in that state indefinitely. *Id*. (citing *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). "Evidence of a person's place of residence is prima facie proof of his domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). However, the court must consider "the actual fact of [a party's] residence and [his or her] real intention of remaining there, as disclosed by [the party's] entire course of conduct" *Id*.

## Discussion

Plaintiffs allege Pell was domiciled in Tennessee, as is defendant Warden, thus eliminating complete diversity. Defendants argue that Pell was domiciled in Georgia, thus creating complete diversity. Plaintiffs argue Layne's affidavit is sufficient to prove Pell was domiciled in Tennessee, while defendants argue that multiple documents, as well as Pell's estate being opened in the Probate Court of Walker County, Georgia, all establish that Pell was domiciled in Georgia.

### A. Establishing Domicile

The question presented is one of domicile. In particular, was Pell domiciled in Georgia or did his domicile change to Tennessee eight months prior to his death? The Fifth Circuit in *Coury v. Prot* found that "[a] change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely […]."85 F.3d 244, 250 (5th Cir. 1996). To determine Pell's domicile, the Court "[…] is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* 249. Abiding by *Coury*, this Court will apply the factors used in that decision to determine Pell's domicile. The

factors "include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* 251.

Tiffany Layne swears in her affidavit that Pell lived with Layne and her husband in Tennessee for eight months prior to his death. She further states that Pell had no other place to live since her parents, with whom he lived in Georgia, "no longer wished for him to live with them" and that Pell wanted to get a "fresh start in Tennessee." [Doc. 24-1]. She admitted that Pell would "sometimes take trips where he would travel around on his bicycle, but he would always return home to us in Tennessee." *Id.* In addition to Layne's affidavit, Plaintiffs state in their memorandum that: "[…] [Pell] moved all of his belongings and forwarded all of his mail to his sister's [Layne] home." [Doc. 25, p. 1]. This statement is inappropriately presented to the Court since no evidentiary basis supports the statement and the Court therefore gives no credence to this assertion.

The defendants challenge Layne's affidavit and present to the Court contradicting representations made by the plaintiffs concerning Pell's domicile which were made to the Probate Court in Walker County, Georgia (hereinafter "Probate Court"). Plaintiffs admit that plaintiff Holbert Pell represented to the Probate Court that Ryan Pell was domiciled in Georgia at the time of his death [Doc. 39-1]. This statement directly contradicts Layne's affidavit.

The doctrine of judicial estoppel "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (quoting 18 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 134.30 at 63 (3d ed. 2011)). In essence, the doctrine is intended to

protect the integrity of the judicial process by "prevent[ing] parties from playing fast and loose with (the courts) to suit the exigencies of self interest." *Brandon v. Interfirst Corporation*, 858 F.2d 266, 268 (5th Cir. 1988) (quoting *USLIFE Corporation v. United States Life Insurance Company*, 560 F.Supp. 1302, 1304-05 (N.D. Tex. 1983)) (additional citation omitted).

The Fifth Circuit in *Jethroe v. Omnova Solutions, Incorporated*, 412 F.3d 598 (5th Cir. 2005) directed courts to apply judicial estoppel if: "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Id.* 600 (5th Cir. 2005) (citing *In re Coastal Plains, Incorporated*, 179 F.3d 197, 206-07 (5th Cir. 1999)).

The Court will now apply *Jethroe's* elements to determine if the plaintiffs' actions warrant judicial estoppel. First, plaintiffs argue that Pell was domiciled in Tennessee [Doc. 24-1], a position which is inconsistent with the legal proceeding initiated by the plaintiffs in Probate Court. Second, the Georgia Probate Court was convinced to accept the plaintiffs' prior position since it found that Pell was domiciled in Georgia based on information submitted to it by the plaintiffs [Docs. 30-2, p. 1 and 39-3, p. 2]. Third, the plaintiffs did not act inadvertently since the language in the probate documents clearly directed the plaintiffs to identify the domicile of Pell. [Doc. 39-3, p. 3]. Additionally, the plaintiffs cannot prove inadvertence by claiming, as they do in plaintiffs' responses to defendants' second set of interrogatories related to jurisdictional facts, that their estate attorney directed them to open the estate in Georgia since there is no indication by the plaintiffs that they were told by the attorney to state that Pell was domiciled in Georgia. [Doc. 39-2, p. 2].

Plaintiffs clearly and without any inadvertence represented to the Probate Court that Pell's domicile was in Georgia, and the Probate Court acted upon it. Thus, plaintiffs are estopped from alleging Pell was domiciled in Tennessee.

Though the above analysis establishes Pell's domicile in Georgia, the Court will also consider, under the *Coury* factors, Holbert and Diane Pell's responses to defendants' first and second requests for admissions related to jurisdictional facts. The following requests and admissions are presented:

> Request NO. 3. Admit that Ryan Pell did not own any real property located in Tennessee at the time of his death.
>
> RESPONSE: Plaintiffs are without knowledge to either admit or deny this request with absolute certainty, but to the extent Plaintiffs are aware this request is admitted. [Doc. 39-1]
>
> REQUEST NO. 4. Admit that Ryan Pell did not own any real property located in Georgia at the time of his death.
>
> RESPONSE: Plaintiffs are without knowledge to either admit or deny this request with absolute certainty, but to the extent Plaintiffs are aware, this request is admitted. [Doc. 39-1]
>
> REQUEST NO. 5. Admit that, prior to his death, Ryan Pell was not registered to vote in Tennessee.
>
> RESPONSE: Plaintiffs are without knowledge to either admit or deny this request with absolute certainty, but to the extent Plaintiffs are aware, the request is admitted. [Doc. 39-1]
>
> REQUEST NO. 6 Admit that, prior to his death, Ryan Pell held no bank accounts or financial accounts of any sort in Tennessee.
>
> RESPONSE: Plaintiffs are without knowledge to either admit or deny this request with absolute certainty, but to the extent Plaintiffs are aware, Ryan Pell did not have any bank accounts [sic]. [Doc. 39-1]
>
> REQUEST NO. 9 Admit that, prior to his death, Ryan Pell held no license of any kind issued by the State of Tennessee.

RESPONSE: Plaintiffs are without knowledge to either admit or deny this request with absolute certainty, but to the extent Plaintiffs are aware Ryan Pell did not have any license in Tennessee. [Doc. 39-1]

REQUEST NO. 10 Admit that, prior to his death, Ryan Pell belonged to no clubs or churches located in Tennessee.

RESPONSE: Plaintiffs are without knowledge to either admit or deny this request with absolute certainty, but to the extent Plaintiffs are aware, this request is admitted. [Doc. 39-1]

INTERROGATORY NO. 29 Please identify all property owned by Ryan Pell at the time of his death and state the location of that property at the time of his death.

RESPONSE: Plaintiffs respond as follows: To Plaintiffs' knowledge, none. Plaintiffs reserve the right to supplement and amend their responses. [Doc. 39-2].

The above responses establish that Pell was not domiciled in Tennessee. He owned no real property in Tennessee. He was not registered to vote in Tennessee. He also did not possess bank accounts nor did he have a Tennessee license. It also appears he developed no friendships in Tennessee.

Pell was domiciled in Georgia. Diversity exists because both Pell's estate and Holbert and Diane Pell are domiciled in Georgia, defendant Warden is domiciled in Tennessee, and defendant Transport America is domiciled in Minnesota.

**B. Sanctions**

Defendants argue in their surreply in opposition to plaintiffs' motion to remand that the plaintiffs should be sanctioned for filing a motion with false assertions to avoid a deadline the following day to disclose experts. [Doc. 39, p. 10-11]. Defendants propose to the Court that appropriate sanctions in this instance would include an order precluding Plaintiffs from designating any experts not designated as of April 19, 2019. Defendants also ask the Court to award costs and attorneys' fees against the plaintiffs or their attorneys, or both, for filing the

motion to remand because defendants allege the motion was not grounded in fact or warranted by law.

The Court will not consider the defendants' request for sanctions in the absence of a separate motion adhering to Federal Rule of Civil Procedure 11(c)(2), which states as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Since the defendants have failed to file a separate motion addressing sanctions, this Court will not address these requests.

## Conclusion

For the foregoing reasons, the Court finds that plaintiffs are judicially estopped from alleging Ryan Pell to have been domiciled in Tennessee; that Ryan Pell was domiciled in Georgia; that the parties are completely diverse; and the Court will not address the defendants' request for sanctions absent a separate motion. Accordingly, Plaintiff's Motion to Remand to State Court, [Doc. 24], is **DENIED**.

**SO ORDERED**, this the 4th day of November, 2019.

                                          **/s/ MICHAEL P. MILLS**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**